## *LIMA GAS CO. v. CITY OF LIMA.

**1. Company in Operation does not Require Vote of People for Another Contract.**

A gas light company (in operation), duly organized and authorized by the vote of the people of a city, to erect gas works, etc., etc., can make legal contracts with the city, to furnish gas, without another vote of the people. Section 3551, Rev. Stat., applies only to the formation of another company.

**2. Contract Need not Secure to City Right to Purchase Plant.**

A contract duly entered into, between a gas light company and a city, is legal under sec. 2485, Rev. Stat., although it fails to secure to the city council the right to purchase the

---

*This case was dismissed by plaintiff in error, in the supreme court, October 15, 1889. The decision is denied by the common pleas in Ampt. v. Cincinnati. 2 O. D., 504, 511.

**gas plant.** The city has such power under sec. 2486, Rev. Stat., and if it contracts it away, the contract is void.

**3. POWER TO CONTRACT FOR TEN YEARS.**

The power of a city council to contract with a gas light company to furnish gas under sec. 2491, Rev. Stat., is limited under sec. 2479, Rev. Stat., to a period of time not exceeding ten years.

**4. MUTUALITY OF CONTRACT.**

A contract to be legal must be evidenced by an ordinance duly passed, together with the written acceptance of the gas light company, as provided by sec. 1693, Rev. Stat.

**5. CONTRACT NOT DESTROYED BY REPEALING ORDINANCE.**

Parties under such a contract acquire vested right. An ordinance repealing the contract ordinance, is void and of no force or effect.

ERROR to the Court of Common Pleas of Allen county.

SENEY, J.

The Lima Gas Light Company, in a petition filed in the court below, alleged in substance the following facts:

That it was chartered and organized as a gas light company in the year 1871, under the general laws of Ohio, and ever since has been an established gas light company, furnishing the said city of Lima with gas. That in furtherance of this organization, by resolution of the council of Lima, passed March 8, 1871, an election was held, which resulted in favor of establishing gas works, and by ordinance of said city (then village), said company was authorized to erect gas works, lay its mains, etc., etc.

That afterwards, to-wit: on the 3d day of December, A. D. 1883, the city council of said city entered into a contract with said gas light company, whereby said gas light company agreed to furnish gas to said city, for city purposes as well as to furnish gas to all residents of said city, at a certain stipulated price, for a period of nine years from the 1st day of January, A. D. 1884. Said contract being evidenced by an ordinance duly passed on the third day of December, A. D. 1883, and by the terms of said ordinance it required the acceptance of said gas light company in writing, which acceptance was duly made.

Other considerations are averred for the entering into said contract, which it is unnecessary to notice.

That in pursuance of said contract said company did furnish to said city a certain quantity of gas, which the said city refused to pay for. Said company prayed judgment against said city for the gas so furnished as aforesaid.

The said city answered said petition in substance as follows:

That on June 7, 1871, the council of said city or village passed an ordinance authorizing the incorporation of The Lima Gas Company, and again, on August 30, 1871, another ordinance regulating the price of gas, etc., setting forth a copy of the ordinance.

That on April 8, 1878, the council of said city or village passed a second ordinance regulating the price of gas for the term of eight years, repealing the ordinance passed August 30, 1871, setting forth a copy of the ordinance.

That on December 3, 1883, the council of said city or village passed a third ordinance, the same as alleged in the petition.

That on April 4, 1888, the council of said city or village passed an ordinance repealing the ordinance passed December 3, 1883, so far as any benefit to be derived by the said gas light company in furnishing gas to said city was concerned.

That never since the passage of the ordinance of June 7, 1871, has the plaintiff been authorized by the qualified voters of the city to go in operation in the village or city of Lima.

That no contract was ever entered into between plaintiff and defendant other than what is contained in said ordinances.

There is not, nor was there ever, any provision in any of the ordinances, nor is there any contract between said parties, securing to the defendant the right to purchase said plaintiff's works, with the appurtenances belonging thereto, as provided in sec. 2485, Rev. Stat.

To this answer a general demurrer was filed by the gas light company, which was overruled, and exception taken.

A motion was filed by the Gas Light Company for judgment · upon the pleadings, which was overruled and exceptions taken.

Upon these pleadings the court below rendered judgment for the Gas Light Company.

For the action of the court below the Gas Light Company prosecutes its petition in error in this court.

Several questions are made by the pleadings and the arguments of counsel.

First—That the Gas Light Company cannot enforce its claimed contract, for the reason that the voters of Lima have not voted upon the subject.

Second—That its claimed contract is void, for the reason that it does not reserve the right of the city to purchase the works.

Third—That its claimed contract is void for want of powers in the city to make a contract to furnish gas for a period of nine years.

Fourth—That the so-called contract is evidenced by an ordinance, and its acceptance is void for want of mutuality.

Fifth—That the repeal of this ordinance cancels its claimed contract.

As to the first question—

It is averred and not denied, that the Lima Gas Light Company was duly incorporated and organized and empowered before it commenced operations, to erect and maintain gas works for the purpose of furnishing gas· to the city, so that it had a corporate existence to accomplish the purpose of its organization.

We know of no statute that requires a vote of the people of the city, after its corporate existence has once been established by a vote of the people. The only section that has been referred to us is sec. 3551, which reads:

"Section 3551. The municipal authority of any city or village, or the trustees of any township, in which any gas or water company is organized, may contract with any such company for lighting or supplying with water the streets, lands, lanes, squares and public places in such city, village, town or township; but no such company shall go into operation in any city or village where such a corporation has been already formed, or is hereafter formed, until after the question of authorizing such operation has been submitted to the qualified voters of such city or village and authorized by ordinance."

From this section it will be noticed that it has no application to the case at bar, for the reason that the Lima Gas Light Company has been formed and in operation, and it is not the formation and organization of a second company. The section simply provides that when a company is once organized, a second company cannot organize unless authorized by a vote of the people. The legislative intent shows the justice and wisdom of the legislation, as we will show hereafter.

We are referred to sec. 2485, Rev. Stat., to sustain the second question. Section 2485, reads:

"It shall not be lawful for any council to agree by ordinance, contract or otherwise, with any person or persons, for the construction or extension of gas works for manufacturing or supplying the corporation or its inhabitants with gas, which shall give or continue to any person or persons making such agreement with the council, the exclusive privilege of using the streets, lanes, commons or alleys, for the purpose of conveying gas to the corporation, or the citizens thereof, or which shall deprive the council of the right to designate the

kind of meter to be used for the correct measurement of the gas furnished under such agreement, and to provide for inspecting or regulating the same, or which shall not specify the exact quality of the gas to be furnished, and reserve to the council the right to enforce an exact compliance with such specification, under such rules as the council shall prescribe. Nor shall the council make any such agreement which shall not secure to the council the right to purchase such works, and all the appurtenances belonging thereto, at any time within the existence of such contract or agreement."

It will be noticed that this section provides that it shall not be lawful for any council to make any agreement which shall not reserve to the council the right to purchase such works, etc. The meaning of the section is that the council cannot make a contract, contracting away its right to purchase the works. This section must be read in connection with sec. 2486, which reads:

Section 2486. "The council of any city or village shall have power, whenever it may be deemed expedient and for the public good, to erect gas works at the expense of the corporation, or to purchase any gas works already erected therein."

By this section council has the power to purchase any gas works erected therein. These sections taken together cannot be construed to mean that a contract is unlawful, which does not reserve the right of the city to purchase the works. If the contract provides that the city has no right to purchase the works, the contract would be illegal; if the contract is silent upon the subject, the right remains in the city to purchase the works whenever the council deems it expedient and for the public good. The statutes authorize the purchase, and no contract relations exist that prevent it.

As to the third question—Has the city the power to make a contract for nine years?

Section 2491, Rev. Stat., provides:

"Section 2491. A municipal corporation, in which any incorporated gas company is organized under the laws of the state, shall have power to contract with such company for supplying with gas the streets, squares, and other public places in the corporate limits; but this section shall be subject to the restrictions in the last clause of section thirty-five hundred and fifty-one."

From this section, taken in connection with sec. 3551, it will be noticed that a company formed and in operation, can contract with the city without any restrictions and limitations. Were they the only sections upon the subject, there could be no question but what the city could contract for any length of time, free from any fraudulent purposes upon the part of the council of the city in protecting the rights of the people.

The remaining question is—Does sec. 2479 limit this right? Properly construed, this section should be read in the light of sec. 2482.

"Section 2479. In case the council fixes the minimum price at which it requires any company to furnish gas to the citizens, or public buildings, or for the purpose of lighting the streets, alleys, avenues, wharves, landing places, and public grounds, for a period not exceeding ten years, and the company assents thereto, by written acceptance, filed in the office of the clerk of the corporation, it shall not be lawful for the council to require such company to furnish gas at a less price during the period of time agreed on, not exceeding ten years, as aforesaid."

"Section 2482. A neglect to furnish gas to the citizens and other consumers of gas, or to the corporation, by any company, in accordance with the prices fixed and established by the council from time to time, shall forfeit all rights of such company under the charter by which it has been established; and the council may proceed to erect, or, by ordinance, empower any person to erect gas works for the supply of gas to such corporation and its citizens; provided,

that nothing in this section, or in secs. 2479 and 2480, shall operate to impair or affect any contract heretofore made between any municipal corporation and any gas light and coke company."

The establishing of a gas plant requires the outlay of a considerable sum of money. It is a risk at least depending upon a great many contingencies as to whether it will be a success. While it is thus upon the one hand, on the other it is a great advantage to the city. Among other things it enables the city to enforce with greater security its police powers. Its establishment is for the mutual benefit of both city and gas company. So the legislature in its wisdom has thrown safeguards and protection around both, preserving to the city the power of control, and to the gas company its life and existence subject to this power of control.

Section 2479, permits council to fix the price of gas for a period not to exceed ten years.

Section 2482, provides that only upon the failure of the gas company to furnish gas at the price fixed, can the council erect, or empower any persons to erect, gas works to supply gas to [serve] the corporation and its citizens.

This is simply saying to the gas works company, as long as you live up to the ordinances of the city, the city will not enter into competition with you, or permit any one else to, so far as furnishing gas to the city for public purposes is concerned.

In the case at bar, the price of gas was fixed for nine years; for this period of time the council can not require the company to furnish gas for a less price.

They can not furnish gas themselves; they can not permit any one else to, at a less figure, for corporation purposes, otherwise they would be doing indirectly, viz., lowering the price of gas, which by the express terms of the statute they can not do directly. Bearing in mind that the interests are mutual, from what source will the city get its gas to light its streets and public buildings? No one can furnish it except this gas light company. Again, by the express terms of this statute, at the expiration of a term of nine years, council can change the price of gas, and not until then. So that whatever contract was made by sec. 2491, by virtue of the powers to change the price, the contract would be at an end.

With these views we hold that sec. 2479, limits the power to contract under sec. 2491, to a period not to exceed ten years. We are referred to sec. 2702, Rev. Stat., in opposition to this holding. Sufficient is it to say that we do not think this section has any application so far as contracts affecting the expenses in running the city are concerned. The application is to contracts affecting improvements, etc., to be made in the city.

As to the fourth question—That the contract is void for want of mutuality.

The contract is evidenced by an ordinance and the acceptance of its terms by the Gas Light Company.

The ordinance provides in detail what the gas company is to furnish; the manner in which it is to be furnished, and the price for which it is to be furnished. It further provides the term of the contract to be nine years, provided it is accepted by the gas company. Its acceptance is duly made in writing; this makes it a contract of both, equally binding on both. It is the only way by which a contract can be made with the city, as provided in sec. 1693, which reads:

"Ordinances, resolutions and by-laws shall require for their passage or adoption [the] concurrence of a majority of all the members elected, and the vote on their passage or adoption shall be taken by yeas and nays, and recorded on the journal; and no contract, agreement or obligation shall be entered into except by an ordinance or resolution of the council, nor any appropriation of money for any purpose be made except by an ordinance; every ordinance appropriating money shall contain an explicit statement of the uses and purposes for which the appropriation is made; the power, or authority to make a contract, agree-

ment, or obligation to bind the corporation, or to make an appropriation, shall not be delegated; and every contract, agreement or obligation, and every appropriation of money, made contrary to the provisions of this section, shall be void as against the corporation, but binding on the person or persons making it; but this section shall not be construed to impair the power of the board of public works in any city to make contracts, or impair the power to contract, whenever elsewhere given in this title; or to delegate the power to execute such contracts."

As to the fifth question—

The repeal of this ordinance before the expiration of the term provided herein, can have no force or effect.

There are vested rights acquired under it, which it does not lay in the power of any legislative body, be it the legislature of the state or a city council, to change. An attempt to do so is in direct violation of the constitution of the United States, as well as the constitution of the state of Ohio, viz.: "The general assembly shall have no power to pass laws impairing the obligations of contract."

In these views we all concur. As these views reverse the judgment of the lower court, it is but proper for us to say that the judgment of the lower court was entered *pro forma* for the purpose of obtaining the opinion of this court at this term.

The judgment will be reversed. Demurrer to the answer sustained. Motion for judgment upon the pleadings sustained, and this court rendering the judgment the court below should have rendered, renders judgment in favor of the Gas Light Company against the city for the full amount of its claim, with costs. Execution awarded, and cause remanded for execution.